## COLLINS v BUCKEYE UNION CASUALTY CO et

Ohio Appeals, 6th Dist, Huron Co

No 387.    Decided Dec 15, 1937

Young & Young, Norwalk, for appellee.

B. B. Bridge, Columbus, for appellant.

STEVENS, PJ, WASHBURN and DOYLE, (9th Dist) sitting by designation.

## OPINION

By DOYLE, J.

The appellant company issued its policy of insurance to J. H. Kindle, doing business as Kindle Cab Co., after payment by the said Kindle of a stipulated premium. The policy contemplated, by its terms, insurance upon four automobiles used by him in a business commonly known as "U-Drive-It," and was to protect against various kinds of loss, including damages for personal injuries.

After the issuance of the policy, one of the insured cars was let for hire to one Don Myers, a defendant in the court below, and while it was being operated by him for his own benefit and without other passengers, it struck and injured Glenn Collins, the appellee herein. Thereupon suit was filed by the said Collins against Myers, which resulted in a judgment in favor of Collins and against Myers. It was sought by this action in the court below to make the insurer liable for the satisfaction of the judgment against Myers.

On the 17th of May, 1937, this cause came on for hearing before the Court of Common Pleas, after a jury had been impaneled and sworn. The appellee offered the policy of insurance in evidence, proved by stipulation the judgment against Myers, offered evidence proving the insolvency of Myers, and rested his case. After a motion by the appellant (one of the defendants below) for a directed verdict in its favor had been overruled by the court, said defendant offered evidence in its behalf, and at the conclusion thereof, the record speaks thus of the proceedings:

"Thereupon counsel for defendant (the Buckeye Union Casualty Co.) rested their case, and the jury was excused from the court room. Thereupon counsel for the defendant, at the close of all the testimony, on behalf of the Buckeye Union Casualty Co. renewed the motion made at the close of plaintiff's case, and moved the court for a directed verdict in its favor for the reason that the plaintiff has failed to establish a cause of action against this defendant.

"Thereupon the plaintiff, upon that motion being made by the defendant, moved the court to direct a verdict in favor of the plaintiff and against the defendant Buckeye Union Casualty Co.

"Mr. Bridge (counsel for the Buckeye Union Casualty Co.): And if the defendant's motion is overruled the defendant reserves the right to go to the jury.

"Mr. Young (counsel for Collins): I claim they cannot do that.

"(Discussion between court and counsel).

"Jury returned to the court room at this time.

"Court: Ladies and Gentlemen of the jury: As the situation now stands the court is ruling it is a matter for the court to decide and not the jury, and you will now be dismissed from this case and will report back here tomorrow morning at 9 o'clock.

"Mr. Young and Mr. Bridge: And we want it understood that we are to have our appropriate exceptions to the rulings of the court on the motions made; in the event either or both motions are passed upon, otherwise, both parties except to the action of the court in dismissing the jury.

"Exceptions of both parties noted. * * *

"The court having found in favor of the plaintiff, the defendant within three days, made a motion for a new trial herein, which motion the court overruled and rendered judgment on the verdict; to which ruling of the court defendant at the time excepted and was granted the statutory time in which to prepare and have allowed its transcript of the evidence."

Subsequent to the rendition of this judgment the insurance company requested the court to find and state its conclusions of fact and law separately. The court made such a finding.

The appeal to this court on questions of law urges the following assignments of error:

1. That the trial court erred in discharging the jury and ordering a submission of the cause to the court.

2. That the trial court erred in its findings of fact.

3. That the trial court erred in it conclusions of law.

An examination of the record reveals a former review of this case by a Court of Appeals sitting by designation in Huron County. The contract of insurance now before this court was construed in that proceeding by that Court of Appeals. It determined in a somewhat exhaustive opinion that under the terms of the contract the insurance company was liable for the damages sustained by appellee herein.

How far the doctrine of the law of the case has been modified by the Supreme

Court in New York Life Ins. Co.v Hosbrook, 130 Oh St 101, it is unnecessary to state. nor do' we deem a discussion of it necessary in view of the fact that we are in accord with the conclusions reached by the former Court of Appeals in affixing liability upon the insurance company.

Concluding as we do that the insurance policy established liability on the part of the appellant, it was the duty of the trial court to sustain the motion of the appellee for a judgment in his favor at the conclusion of all of the evidence inasmuch as there were no other matters in dispute and the damages were liquidated. This being so, the trial court's error "in discharging the jury and ordering a submission of the cause to the court" was rendered nonprejudicial to the rights of the appellant for the reason that the trial judge did then what he should have done upon the motion of the appellee at the conclusion of all of the evidence.

Moreover, a careful reading of the proceedings of the court as shown by the record, indicates that the appellant waived its right to complain of that error.

Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur in judgment.